We'll call the next matter. This is Brian versus Erie County. I understand that we Good morning. May it please the court your honors. My name is Sheila Herron. I'm here on behalf of the appellants Cindy Baxter and Randy Scalco. Thank you, Ms. Herron. Let's wait a moment. We're trying to get somebody on the audio. Good morning. Good morning, Mr. D'Artagnan. Yes, sir. Oh, yes. This is Keith from the Okay, good, Mr. D'Artagnan. I'm Judge Fuentes, Judge Fischer, and Judge Stark escaped me for a moment. Three of us are here presiding over this case. Can you hear us okay? We can, your honor. Ms. Herron, would you enter your appearance again, please? Yes, I'm here on behalf of the appellants, Rene Scalco and Cindy Baxter, and I would like to reserve four minutes of time for rebuttal. Very well, Ms. Herron. Yes, the district court erred in determining that it did not have jurisdiction to enforce the stipulated to high-low settlement agreement entered into by the parties in this case by virtue of the US Supreme Court's decision in Kokanen versus Guardian Life Insurance Company of America. Your honors, in so ruling, the district court overlooked a critical distinction between Kokanen and the Bryan case, and that unlike Kokanen, in Bryan, the proceedings were still pending for the district court at the time the settlement agreement broke down, and the district court therefore had ancillary jurisdiction to enforce the stipulated to agreement in order to successfully manage its proceedings and to effectuate the $8.6 million judgment that had been entered in that case. As we've set forth in great haste, your honors, immediately after the $8.6 million verdict was entered on June 1st, we filed an oral motion to mold the verdict in accordance with the terms of the agreement. May I ask you a question, Ms. Herron? Sure. As I understand it, one of the contentions by your adversaries is that the trial judge never made a decision as to whether there was a violation of the agreement or not. Is that accurate? He never made a determination. No, he did not. All right. Well, if that issue is still pending, can we make that decision at this point? Yes, we're asking because what he what the court did is it he didn't make a determination as to its enforceability, and he said he didn't have jurisdiction, and he sent that issue back down to the state court for determination. Well, he didn't really send it back down. He stayed, in effect, stayed any further federal action pending the state action. Yes. Our concern with that matter, though, your honor, is that instead of this litigation, what he did is he said the post-trial motions are denied without prejudice to reassert them. Well, without prejudice, of course, suggests to me that he is still holding on to the case. And I, yeah, and I agree with that, and I, and our only concern, your honor, was that there, under federal rules, Civil Procedure 6, the court cannot extend the time period for filing those motions, and our concern was that there is at least one case from the court denies motions without prejudice, and then, and then allows the party to refile those motions, that, in effect, the court, what the court is trying to do is make an end run around Rule 6 by saying that, and that, and what the court ultimately held, your honors, was that, you know, I'm not sure you answered Judge Fuentes' question. Okay. What he was focusing on, I don't have to speak for him, but I have the same wondering, you know, can we make a determination as to whether or not the agreement was breached or enforceable? Is there enough on this record? We're, no, and we're not asking you to do that, your honors. The only question that we're asking you to do is to essentially state that the district court erred in determining that it didn't have jurisdiction. And to send it back. And to send it back to the district court, yes. All right, and along, along that line, since you're on that point, you have also filed an appeal from the denial of qualified immunity, have you not? Yes. Okay. But didn't you, in your Rule 59 motion, which was dismissed without prejudice, and if we sent it back would, in effect, be reinstated, didn't you also challenge that in the Rule 59 motion? We did challenge it in the Rule 59 motion. Okay, isn't that a more appropriate place back, isn't, isn't the district court in a better position to decide that question? I believe that, yes, we, yes, we're filing this because we felt like we sort of had to in order to determine the issue. You just want to get it back to the district court. We want to get it back to the district court, not to the state court. We don't believe that this court is the appropriate court to be making determinations as to the Rule 59 motion. Does the fact that this case proceeded through a trial, there was a jury verdict, affect your qualified immunity contention? No, we don't, and here, here's the problem with that, Your Honors. The way that this case went in, and the way, when we entered into the stipulated two high-low settlement agreement, part of it was that we gave up the right to make the Rule 50 motions at the time of trial. Had we, had we not entered into that agreement, we would have made a Rule 50 motion based on the qualified immunity. You want to have it both ways, then? Well, what we want is a new trial. You want the qualified immunity, but you also want the high-low agreement to be enforced. We want the stipulated two high-low settlement agreement enforced. If that agreement is enforced, then the judgment gets molded to $2.7 million. The post-trial motions and everything goes away. But if it doesn't, if it isn't enforced, you want, you want the ability to challenge, to make challenges as to what took place at the trial, including challenging the denial of qualified immunity. Yes, because we believe that the way the case was tried was completely governed by that stipulated two high-low settlement agreement. We truncated our case, we didn't make Rule 50 motions, so if that agreement is held to be invalid, we believe... But that, that high-low was not entered into until the jury was out, was it? It was entered into on, no, it was while the case was still proceeding on May 29th. It was? While plaintiff was presenting their case. Okay. And then we presented our case and the case went to trial. Okay, all right. Go ahead, go ahead. I'd like to go back to where you began with the distinction from Patonin. You said this case was pending, but was it really pending? The district court entered judgment on the verdict, I think, on the same day it came back and marked the case closed. Wasn't it over at that point? No, if, well, if it was closed, it was simply an administrative closing and it doesn't affect administrative, this court has held that administrative closings don't affect the court's judgment. And not only that, immediately before the judgment was entered, we asked that the verdict be molded in accordance with the terms of the high-low agreement to 2.7 million. And the judge said, well, file a motion to mold the verdict, set forth all the terms, and I'll, I'll enter it. And it was then about an hour later, judgment got entered for 8.6 million. And then we immediately filed a motion. Once plaintiff, we deem repudiated the agreement on June 29th, June 20th, we immediately filed an oral, I'm sorry, a written motion to, to mold, to satisfy the judgment. We submitted that agreement. We filed it of record with no less than six documents. We filed most, we filed a motion for a new trial. Plaintiff was filing motions to issue writs of execution. We are filing briefs. The court was holding hearings on June 29th and on July 9th. He was entering orders as late as September 7th, 17th, and even as late as November 30th. So the court clearly still had jurisdiction. It was actively engaged in this case and it was ruling on motions. And the reason that we believe the court does have jurisdiction is the whole purpose of ancillary enforcement jurisdiction is to give the court the power to enforce its own judgment. You argued the issue of jurisdiction to the, to the trial judge, did you not? Yes, we did. What was the basis for the court's retaining jurisdiction? Was it inherent power of the court? Was it ancillary jurisdiction? What specifically did you argue? We argued that basically the court still had the ancillary jurisdiction, that there's, there's a distinction in the cases, even with Kokanen. We've cited all these cases in our brief, which holds that Kokanen doesn't apply when cases are still pending before the district court. Did you make that argument to the district court? I think we cited more cases in our appellate brief than we did before the district court, but, but the argument was made by trial counsel that the court still has jurisdiction when the case is pending before the district court, it has the jurisdiction to enforce the settlement agreement. I gather both of you, both sides argued for the court to retain jurisdiction. Is that accurate? Or did someone? No, plaintiff's counsel argued that it should go to state court. Oh, I see. I'm mistaken about that. Okay. You argued that it stayed. It should stay in the federal court. Is the doctrine of ancillary jurisdiction, is that discretionary? That is, even if the district court had ancillary jurisdiction, could it have exercised its discretion not to exercise it? No, we believe it didn't because of the limited nature of the abstention doctrine. None of the circumstances for abstention applied in this case. And there was no federal question involved. There was no difficult questions of state law that needed to be determined. There were no federal or no state criminal proceedings or taxation questions involved. Therefore, we believe it would not have been in the court's discretion to send it back to have the state court resolve this issue. Would it have been appropriate if the district court had said, all your motions are denied with prejudice, we're done with this case. I'm denying your motions with prejudice. Would it have been appropriate? I'm sorry. No, no. Would the court's decision to send the matter of the settlement issue to the state court have been appropriate if the court had denied all your motions with prejudice? No, I believe that those are two separate and distinct issues. In my hypothetical, the district court is done with your case. So it's done with the case. You're saying, can we then appeal to this court or? No, the court denied. The court said, you want your settlement issue resolved, go to the state court. And I'm suggesting to you, what if the court had said, I'm denying all your motions with prejudice, now go to the state court. I don't think it would have made a difference because our reasoning as to why it can't go to the state court, it isn't necessarily tied to those post-trial motions. It's tied to the fact that it had ancillary jurisdiction over the enforcement issue and it should have kept the enforcement issue. The federal court was the right place to hear that case. Don't they have to be tied to your post-trial motions? Because otherwise the district court was done with the case at 3 p.m. or whatever on the day that it got the verdict and entered judgment on it. I should say, if the court keeps it, then it is tied to those post-trial motions because it can't effectuate that judgment. There's a whole issue pending on this table. Yes, there was the judgment entered, but you can't give effect to that judgment. You can't close this case and be done with it, finally done with it, until there's a decision made as to whether or not a plaintiff can execute on that $8.6 million judgment or whether it needs to be molded to $2.7 million, as we've suggested. Weren't your motions timely filed? Yes, they were timely filed. Okay, doesn't that mean that the case was still pending then before the district court? That was my point. That's not an ancillary jurisdiction argument. That's a pure jurisdictional argument. I mean, the case was there. The case had the case. In other words, once your motions were filed within the 28-day period, you couldn't appeal until those motions resolved. Yeah, we need the issues resolved. Right. Would you make that same argument in the dismissal context in the time frame in which a motion for re-argument on a dismissal was still timely? That is, coconut, of course, arises in a dismissal context. Would you say that notwithstanding Justice Scalia's pretty clear language, a district court would have reconsideration or re-argument would still be timely? I think you have to look at the facts of this, of each particular case. I don't know because I think this case is so distinguishable from coconut. I think it is clearly distinguishable in that, and I don't know if there are any lingering questions as to that, but one of the whole points of Justice Scalia in coconut was that, you know, the federal court, it could retain the jurisdiction that it had over the enforcement issue if it just wrote it into the order, saying we retain jurisdiction into the order of dismissal. Implicit in that is that the district court obviously had the jurisdiction over the enforcement issue while the case was pending, and because the district courts are courts of limited jurisdiction, so neither the court nor the parties can just confer jurisdiction over enforcement just because they want to. Let's finish up. Pardon? We'll get back to you. Thank you. Mr. D'Aretani? Yes, Your Honor. Did you hear your adversary's arguments okay? I did hear everything fine, Your Honor, and I'm ready to proceed. Thank you. Please do. Okay. Your Honor brought up several issues, and really this case is about respectfully choices, the choices the defendant made and the choices the defendant must live with. The defendant chose to appeal a settlement agreement. They chose not to timely raise Rule 59 and 50 motions, and it isn't in the agreement that they were anywhere where they said they could not raise certain things. They chose not to raise or preserve certain issues related to state-created danger, and to take the first issue, 1291, USC 1291, requires an order to be final and the defendant appealed. Now, we said that the case law, and I wouldn't say that it's firm on this, but I would say it suggests. Can you hear me? Yes, I can. Are you talking about jurisdiction of the appellate court or jurisdiction of the district court? Jurisdiction of the appellate court. You're suggesting we have no jurisdiction? No, no. I'm saying that what I would argue first is that the case law would suggest where the court dismisses a case without prejudice and the defendant disregards that right, then the order may be converted to an order with prejudice. I wanted to address that point first because it seems like the defendant has glossed over that first issue, which is whether the court, and the court specifically asked that issue. But at this point, and this is an unusual appeal from the plaintiff's perspective because in many ways, I'm ready to say on behalf of my client, we seek expeditious resolution. And if this court wants to consider a non-final order to be final and allow this appeal, the plaintiff has no issue with that. But I just wanted to make clear we reject that piecemeal approach that the defendant is trying to do here. What's your... May I ask you, what's your view of whether the district court judge in this case closed the matter with prejudice and therefore the matter should go to the state courts as you suggest, or whether the federal district court still has jurisdiction over this matter? Well, the court, Judge McLaughlin isn't wrong. He was absolutely correct in his ruling. The court did not close the door. Basically, it gave the defendant a continuance. And the defendant is confusing filing with argument. The defendant can file this post-trial motion. The court said it's denied without prejudice. In effect, continuing this to the point where the court could then consider it after the state issue of the contract, the side agreement that the district court had no involvement in and said so on record, and which contrary to, unfortunately, the defendant's contention, was not signed in chambers, not discussed, nor put on the record. So the district court didn't involve itself in the side agreement. And he simply said under Kekkonen, you need to take that issue. Courts have limited jurisdiction, the federal court is. Okay, sir, can you stay for a moment? Allow you the time to reasonable approach. Can you hear me? I feel like that guy on the Verizon commercial. Can you hear me now? Yes, I'm sorry. When I talk, the question doesn't come out. Okay, I'm forgetting the question. Ms. Herron is appealing this case because she doesn't think it belongs in the state courts. She wants to keep this case in federal court. I think that's the should this case, if it goes back, should it go back to the district court, or should it be, as Judge McLaughlin ordered, allowed to proceed or to continue in the state courts, which is what you requested? It is what I've requested, but I think because of defendant's actions, not because of the court's error, but because it, which is a fine, but a very important point. Because of defendant's actions, the court may accept jurisdiction, and I'm fine with that. But if the appellate court accepts jurisdiction under the Neely case and under the Carney case, the court may look at this record and have sufficient evidence to look at this record and render a judgment with finality. That is a point I would like to make clear today. I would like this court under ORACARE and under its legal authority to rule that the defendants breached the settlement agreement. But is there enough on the record for us to determine whether it was breached? I mean, there's nothing on the record definitively as to who drafted this agreement. The agreement that's in the record isn't even dated. Is there enough for us to make that decision? Your Honor, absolutely. And the reason is because there's, even if you wanted to assume the fact, certain of those facts that you say aren't there against the plaintiff's side, let's say we don't know, don't even consider who drafted the agreement, or it doesn't matter who drafted the agreement. And under the Baeya case, they publicly filed an agreement that says in caps, confidential. But there was a... They also filed something... I'm sorry. There was another provision in the agreement that said that the agreement could be I did not say it should be filed as part of the court record. What I think paragraph 18 says is it simply gave the right of the parties to advise the court of the existence of agreement. Okay. So if you were allowed to advise the court, isn't there at least an ambiguity on the question of confidentiality? It doesn't seem to me that we have enough to be able to resolve this question. Well, I would say there is no ambiguity because when you have confidential in paragraph 16 so clear, and under the case law you can't interpret one provision to cancel out another one, there's no... Just looking at the four corners of the contract, regardless of who drafted it, you look at it and say, well, they filed an appeal. We're here today. And it was supposed to be confidential, and it clearly isn't. And I've never seen a case quite as unappointed by ASL is to this case where it says a public filing is a clear violation. You provoke some curiosity on my part because I'm inclined to think that there is not enough for us to make that decision. But just curiously, wasn't... First of all, didn't the district court order that the document be filed? And in any case, how is he going to enforce an agreement or mold the verdict unless he knows the terms of the agreement? Well, that goes back to the whole point of we didn't need to mold the verdict. We could enter the judgment and then have the agreement. That's why it was a state court issue. There was no... What I had maintained back in chambers at the time was, Ms. Collins, you need, defense counsel, you need not mold the verdict. We have to honor the agreement. And I fully intended to honor the agreement. But obviously, confidentiality to a boy who was raped and worked in the papers was extremely important. And they broached that. So then at that point, the contract is simply out the door. And I do respectfully suggest there's enough on the record. But they can't, the defendant can't have it, pardon me, the aphorism or rather the state, the tried and true statement. They can't have their cake and eat it too because they're arguing that this should not be in state court. But yet they're arguing that this should be decided in the district court and not really recognizing the fact that the state court had jurisdiction over this agreement to begin with. And what about the fact that you, Mr. Duarte, that you did not file a notice of appeal? How can we give you affirmative relief in this court and leave you in a better position than you were in district court if you didn't even file an appeal? Well, I'm not appealing. I wouldn't appeal an 8.7 million dollar verdict and it should be simply affirmed. But as a matter of law, the court has broad technical motion in the interest of justice. Let me, what I'm saying is... Let's go back. I think you said that effectively in your view, the district court granted a continuance on the motions until after the state court resolves the breach of settlement agreement issue. If that's right, isn't it proper for us in a coconut analysis to see this case is still pending in the district court? Yes, except in coconut and where the defendant is missing a very big point. It didn't just depend upon whether it was pending. The issue is whether or not the court involved itself at all in this side agreement. Judge McLaughlin made factual findings the defendant ignores. We didn't enter into this agreement in the presence of the court. Contrary to what they said, and I was there, we did not sign this agreement in his chambers. This is a side agreement and under coconut, the federal courts are courts to limit the jurisdiction. My point being simply that if we're going to take this case and put it before the appellate court here and they're going to extend the doctrine of or rather limit coconut and rather extend the doctrine of the court's jurisdiction, then I'm willing to accept that but then consider the entire matter. If not, it should be back in state court. You don't see a problem with the state court looking at a settlement agreement and then telling the federal court, you don't see a federalism problem there, the state court telling the federal court what the judgment should be? No, because it's not stating what the judgment should be, it's stating what the contract states. So under the contract terms, does the term confidentiality mean confidentiality? Does the term not appeal mean not appeal? The problem and I think what Judge Scalia said, I'm sorry. I thought I heard you say at one point before that you had no problem with the matter returning to federal court. Is that accurate? But I'd like there to be finality. I think that this court has jurisdiction to continue to decide the whole matter. I'm hearing from the court you feel that perhaps there's question of whether or not there's enough on the record and I would state thoroughly looking at all of the documents in the record and the agreement and the four corners of the agreement, it is so clear that the court under its jurisdiction, if it's going to filed is a public document. The biggest breach that you assert is that this confidential document, the high-low agreement was filed with the court. Is that correct? That's the biggest breach, but the two others cannot be ignored as well. The contract specifically says neither party will appeal any ruling in this case, past, present, or future. They continued the case. In other words, it was their own actions that continued the case. Really what they should have done under their own contract is say the judgment was entered, we're done. Now if plaintiff's counsel, if you have any issue with the 2.7, you can go to state court and sue us or we can go to state court and sue, but that would be if they really wanted to honor the agreement, that would have been the proper course, but they didn't. They wanted to go both to federal court and to state court in effect. In my opinion, when they're not hearing what they like in state court, they're switching back to making an argument that all of this should be in federal court. One more question I have is that you urge that we have jurisdiction to determine whether the high-low agreement was appropriate or not, but then you say that the district court didn't have jurisdiction. So how do we... No, what I'm saying is, and I understand why the court could say, Mr. Derrigan, you seem to be jumping around, but in my brief, and I'm trying to make it perfectly clear, I'm saying that the district court was correct under Cacone. I'm saying the district court's been correct all along, and I'm saying that really you don't appeal a non-final order, but it's only the defendant's conduct that made it. Hold on a minute. If the district court didn't have jurisdiction under a Supreme Court case, how do we get jurisdiction? I'm sorry, could you repeat that one more time? If the district court did not have jurisdiction to decide the issue under Cacone, how do we acquire jurisdiction? By the defendant's conduct, and by the series of cases where the defendant continues to... When they appeal a case, they may accept jurisdiction in a situation like that. So it's not by anything that the district court did, because he made it clear that it was really a state court issue by the party's choice. In other words, Cacone really does, in its progeny, really does give the court some latitude where the parties invest the court. In other words, if we tell the court about the agreement, we have the court publicly sign it, we discuss the terms of the settlement agreement, then under Cacone and its progeny, perhaps the court would have jurisdiction. We didn't do that here. We made a conscious choice, and that's where it goes back to that choice I said with defendants. They made a conscious choice not to involve the court, and when they did so, it really became a state court issue. However, when they appealed, and disregarded, again, by choice, a conscious choice that the district court was giving them, and they appealed that non-final order, then certainly, again, under those cases, the court may accept jurisdiction. All right, sir, your time is up. I have to get back to Ms. Herron. Yes, Your Honor, just a few points. In any of the cases I've read having to deal with Coconin, it's never a requirement that the district court be involved in the drafting of the terms, and counsel, we do dispute where the document was signed, where it was drafted. We do believe that it was done in the judge's chambers, and the defense trial counsel even made that point to the judge at the time of oral argument, even said right to him, it was drafted in your chambers or signed in your chambers. It's a point of contention between us, but I don't think that it's relevant in any way to the determination of the Coconin issue. Also, sending this back to the state court, the state court is, in effect, effectuating the judgment, because if the court determines, the state court were to determine that that $8.6 million, that the settlement agreement is valid enforceable, then, or if it determines that it's not valid enforceable, it has to determine what the appropriate remedy for that breach is. Is it enforcement of the entire judgment? Is it some other remedy? In which case, we have to come back to the state court or to the state court's ruling. Why would you have to do that? Why can't there be a federal judgment for $8.7 million, but then a state court that allocates the rights as between the parties and says, maybe the federal court made you pay $8.7 million, but then the state court, because of a breach of the agreement, theoretically, says give $6 million back to the county, something like that. Because we still have to come back to the court, because has to be disposed of in some manner. Either it's got to be molded to 2.7 or it's got to be molded in some fashion in accordance with what the state court determined. And also, while this case was pending, this all took place while the case was still on the court's stocket, while the court was entering and disposing of those motions. So the court has the ability to successfully manage its proceedings and could have, at that point, exercised its jurisdiction over the angle, which I think is a little bit separate. We believe we were concerned because of this case in the 10th Circuit, which even if the district court, if we have to come back to the district court two or three years later down the road, and the district court hears those post-trial motions, there is still a lingering question as to whether an appellate panel, four years from now, may say, may say, we're concerned that they might say, that it doesn't have jurisdiction because when we had to refile those post-trial motions outside of the 28-day time period, it didn't stay the 30-day appeal period. We were concerned about that. We also questioned whether it's a final order because even though it denied those motions with prejudice, there may be no need to come back. It may ultimately be a final order because there may be no need to refile those post-trial motions. And in the last case scenario, Your Honors, although we didn't necessarily address this in the brief, if there are any lingering questions as to appellate jurisdiction, we also question or believe that this could, at least the November 30th part of it, could be potentially considered a collateral order in that the district court fully disposed of that jurisdictional issue saying it didn't have jurisdiction over the enforcement of the agreement. That is an important question we believe of significant importance, maybe even a first impression in this jurisdiction as to the application of kokanen. And it would be, it almost has to be determined by this court at this point because if we have to go back to the state court for determination on this issue, the state court enters a final judgment and then we come back, even if we come back four years later, and this court holds that, yes, the district court erred in determining it didn't have jurisdiction over the enforcement, didn't have the right to send it back to the state court or the discretion to send it to the state court, it's too late at that point. Even if we do, we've now, we have what, potentially a federal judgment on this issue and then a state judgment on this issue. It really should be determined at this time whether or not there's jurisdiction to hear this kokanen issue. Okay. Anything else? Ms. Herron, thank you very much. Thank you. Mr. D'Aretani, thank you very much. Thank you, Your Honor.